## THE DES MOINES.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF MISSOURI.

No. 108. Argued February 29 and March 1, 1872. — Decided March 25, 1872.

The District Court in a libel in Admiralty for collision, having adjudged both vessels to be in fault, and only one having appealed, the only question here is as to the fault of the appealing vessel; and on the evidence the court holds it to have been in fault.

THE case is stated in the opinion.

Mr. JUSTICE DAVIS delivered the opinion of the court.

This is a case of collision between the steamers Katie and Des Moines while navigating the Ohio River on the night of the 22d of November, 1864. The Katie was descending and the Des Moines ascending the river, when, near the head of Diamond Island, they came in contact, and the Katie immediately sank and became a total loss. The District Court adjudged both vessels to be in fault, and the Circuit Court, on appeal, affirmed this judgment.

As the owners of the Katie did not appeal from this decision, the only question for investigation here is, whether the Des Moines was in fault. As is usual in cases of this character, there is a conflict of testimony between the officers and crew of the two boats on important points, but the physical facts of the case establish the proposition that on the disputed point of most significance the Des Moines was blamable. The Des Moines, following the course of the channel, had crossed over from the foot of Diamond Island toward the Indiana shore, and being an ascending boat, according to the well-settled rules of navigation, had the choice of position in the river. This choice was taken by blowing two whistles, which told the officers of the Katie that she intended to keep along the Indiana shore which was to her larboard, while the Kentucky or Diamond Island shore was to the larboard of the Katie. The Des Moines, instead of keeping to the larboard, as her signal indicated, was at the time of the collision turned to the starboard. This is proved by the nature of the injuries received by both boats, the injury to the Katie being on her starboard side, while the Des Moines was struck on her larboard bow. If, as is claimed for the Des Moines, she had gone to the larboard until she got close to the Indiana shore, and then, as her pilot says he kept her "straight in the river," and while in that position the Katie came down on to her, this could not have happened; for if the Katie struck her on the larboard, the larboard side of both boats would have been injured, and if on her starboard, then the starboard side of both boats would have been injured; but if both boats were heading toward the Kentucky shore, the one coming down and the other going up, and a collision ensued, it would have brought the starboard of the one in contact with the larboard of the other. This was what occurred in this case, and shows clearly that the Des Moines did not obey her own signals, and was, therefore, chargeable with negligence.

It is unnecessary to consider whether the Des Moines is not blamable in other particulars, for this change of course, being the proximate cause of the collision, is enough to condemn her.

It is insisted on the part of the appellant that there was not sufficient effort to raise the Katie after the accident, and that the Des Moines should not be visited with the consequences of this neglect. But there is no proof that the Katie could have been raised if an earlier effort had been made. If full effect be given to the evidence on this subject, it may tend to create a suspicion that the owners of the Katie did not engage the wrecker soon enough, but

it does nothing more. Leezer, the wrecker, who had to stop work on account of the rise in the river, is unable to tell the condition of the river for the two previous weeks, nor can he say whether his business would have been interrupted had he commenced proceedings ten days before. It would seem as if an intelligent river man ought to have known these things, but in the absence of proof on these points, there is no data on which to base a conclusion that an earlier effort would have been successful, and there is no pretence after the work was begun that it was not continued long enough.            *The decree of the Circuit Court is affirmed.*

*Mr. John A. Wills, Mr. J. H. Rankin and Messrs. Lander & Merriman* for appellant.

*Mr. F. A. Dick* and *Mr. James O. Broadhead* for appellees.